# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

LYNELL B. TUCKER,                          :
                                           :
        Plaintiff,                 :
                                           :
    v.                             :    Civ. No. 16-352-LPS
                                           :
FRANCIS CARLIN,  et al.,                   :
                                           :
        Defendants.                :

---

Lynell B. Tucker, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

February 27, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Lynell B. Tucker ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.[1] (D.I. 6) Plaintiff is incarcerated at the James T. Vaughn

Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to

proceed *in forma pauperis*. (D.I. 8) Plaintiff filed a motion for injunctive relief and a request for

counsel when he commenced this action. (D.I. 1, 2) He recently filed a combined motion for an

expedited review or request for counsel and request for injunctive relief. (D.I. 17) The Court

proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.    BACKGROUND

Plaintiff suffers from mental health issues. He alleges that upon his transfer to the VCC, he

was prescribed non-psychotropic medication, was placed in solitary confinement despite his

extensive mental health history, and his medications were discontinued. He also alleges that

Defendant Dr. John ("Dr. Doe") prescribed medication to which he was allergic, despite his medical

records noting the allergy. Plaintiff alleges that Dr. Doe prescribed the medication without

understanding or comprehending that the medication he had taken in the past had caused the

allergic reaction. He alleges that he was given the medication, suffered a reaction which resulted in

priapism, and was left in a medical emergency situation for more than 17 hours before receiving

treatment.

Medical was informed of Plaintiff's condition by correctional officers. Plaintiff was

ultimately seen by medical personnel and by Defendant nurse practitioner Bernard Addogoh

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a
federal right, and that the person who caused the deprivation acted under color of state law. *See
West v. Atkins*, 487 U.S. 42, 48 (1988).

("Addogoh") – when he came on shift – before Defendant was taken to the emergency room. Plaintiff alleges that he is not provided appropriate mental health treatment. He seeks injunctive relief as well as compensatory and punitive damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ.

P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a

plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.  *See Grayson*

*v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do

more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See*

*Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014).  A complaint may not dismissed for

imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the

sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are

3

not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.  DISCUSSION

### A.  Personal Involvement

Francis Carlin ("Carlin"), the statewide director of mental health for Connections, and Kathy D. McKay ("McKay"), the director of Connections, CSP are named as defendants, apparently based upon their supervisory positions. As is well-established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[2] *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Purpose rather than knowledge is required to impose liability on an official charged with violations arising

---

[2]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See* 556 U.S. at 669. The Supreme Court found the allegations facially insufficient. *See id.* at 676 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888), for proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

from his or her superintendent responsibilities.[3] *Iqbal*, 556 U.S. at 677. "Absent vicarious liability,

each Government official, his or her title notwithstanding, is only liable for his or her own

misconduct." *Id.*

In the present case, Plaintiff does not associate any of his allegations with Carlin or McKay

and, therefore, fails to state a claim upon which relief may be granted. Therefore, the claims against

Carlin and McKay will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

However, since it appears plausible that Plaintiff may be able to articulate a claim against the

defendants (or name alternative defendants), he will be given an opportunity to amend his pleading.

*See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (stating leave to amend is

proper where plaintiff's claims do not appear "patently meritless and beyond all hope of

redemption").

## B. Medical

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05

(1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical

need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

*See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately

indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take

reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official

may manifest deliberate indifference by "intentionally denying or delaying access to medical care."

*Estelle*, 429 U.S. at 104-05.

---

[3]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. *See Bayer v. Monroe Cnty. Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009).

An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment, where the inmate maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the Complaint in the most favorable light to Plaintiff, it fails to state an actionable constitutional claim against Dr. Doe and Addogoh for deliberate indifference to a serious medical need. Rather, the claims sound in negligence and, therefore, fails to state a claim upon which relief may be granted under § 1983. The claims against Dr. Doe and Addogoh will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading.

### C.    Motion for Injunctive Relief

Plaintiff seeks injunctive relief in form of removal from his current housing assignment and housing in the correct place/treatment facility for appropriate treatment, advocacy and protection. He also seeks necessary mental health treatment and medical treatment. (D.I. 1)

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff;

(3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

The Court takes judicial notice that Plaintiff sought similar relief in *Tucker v. Connections Medical*, Civ. No. 16-049-LPS. Therein, the Court ordered a response, reviewed it (*see id.* at D.I. 8) and found that Plaintiff had failed to demonstrate that injunctive relief was appropriate. The same is true in the instant case. Notably, it was represented to the Court that Plaintiff receives ongoing mental health care. Therefore, the Court will deny the motion without prejudice.

**D.    Request for Counsel**

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, and requests counsel. The Court determines that it is appropriate to encourage legal representation for Plaintiff by an attorney in this case. Therefore, the Court will grant Plaintiff's request for counsel. (D.I. 2)

**V.    CONCLUSION**

For the above reasons, the Court will: (1) deny the motion for injunctive relief without prejudice (D.I. 1); grant the request for counsel (D.I. 2); (3) deny as moot the combined motion for an expedited review or request for counsel and request for injunctive relief (D.I. 17); and (3) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), with leave to amend upon acceptance of the matter for representation by a member of the Federal Civil Panel. An appropriate Order follows.