# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYNELL B. TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 16-352-GBW ) |
| DELAWARE DEPARTMENT OF CORRECTION, et al., | ) ) ) ) |
| Defendants. | ) ) |

Lynell B. Tucker, Nottoway Correctional Center State Farm.   Pro se Plaintiff.

Robert Michael Kleiner, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

June 5, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

On May 12, 2016, Plaintiff Lynell B. Tucker, who appears *pro se* and *in forma pauperis* (D.I. 8), initiated this action under 42 U.S.C. § 1983. (D.I. 6). At the time, Plaintiff was incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. He is now incarcerated in Virginia. Before the Court are Defendants' motion to dismiss for failure to prosecute (D.I. 162) and an emergency motion for appointment of counsel filed by non-party Tony Dunn (D.I. 165).

### I. BACKGROUND

This matter was reassigned to me in November 2022. All earlier proceedings in the case discussed below were handled by another judge.

In February 2017, the Court initially appointed counsel to represent Plaintiff in this matter. (D.I. 20). Counsel entered an appearance in March 2017. (D.I. 21). In November 2017, counsel moved to withdraw, citing irreconcilable disagreements. (D.I. 27). The motion to withdraw was granted in December 2017. (D.I. 28). The Court appointed new counsel in February 2018, and counsel entered an appearance the same month. (D.I. 31, 32). In January 2020, counsel filed a motion to withdraw, citing, among other reasons, a court filing in one of Plaintiff's other cases raising issues Plaintiff and his father, Tony Dunn, had with counsel's representation, and another attorney having advised them that Plaintiff's father had contacted her law firm regarding counsel's decision to not

1

include some claims in an amended complaint which Tony Dunn and Plaintiff had wanted included. (D.I. 94).

On September 25, 2020, the Court held a hearing on the motion to withdraw. (D.I. 118). Plaintiff and his father appeared telephonically. Efforts were made to include Plaintiff's uncle, Shawn Dunn, on the call, but he did not appear. During the hearing, the Court advised Plaintiff that it would grant the motion to withdraw; that it would seek counsel from the Federal Civil Panel as to whether to appoint counsel for a third time; and that, if Plaintiff ultimately proceeded pro se, concerns would arise with Plaintiff's uncle, as a non-attorney, attempting to advocate on Plaintiff's behalf. (*Id.* at 27-32). Following the hearing, the Court formally granted the motion to withdraw. (D.I. 117).

A notice of appeal was filed by some combination of Plaintiff, Plaintiff's father, and/or Plaintiff's uncle, Shawn Dunn. (D.I. 120). The appeal was ultimately dismissed for lack of jurisdiction, and the Third Circuit noted in its Order that Plaintiff's uncle, as a non-lawyer, was not his proper representative in court proceedings. (D.I. 130). The case was thereafter stayed and administratively closed. (D.I. 131).

In April 2022, Plaintiff, himself, filed a letter essentially requesting reconciliation with his withdrawn counsel, as well as a motion to reopen the case. (D.I. 132, 133). He apparently sent the letter to his second withdrawn counsel,

2

but by all indications, reconciliation was not achieved. Although the motion to reopen was granted (D.I. 138), it appears that Plaintiff has not filed anything on his own behalf since April 2022. Rather, all of his filings appear to have been from his father or uncle, ostensibly on his behalf.

In September 2023, the Court granted Defendants motion for leave to depose Plaintiff. (D.I. 154, D.I. 156). On September 13, 2023, Plaintiff appeared via videoconference for a deposition, but Plaintiff ended the deposition prematurely and refused to participate further. (D.I. 158 at ¶ 6; D.I. 158-1 at 16-17). In October 2023, the Court granted Defendants' motion to compel Plaintiff to submit to a deposition. (D.I. 158, 159). The Court ordered that Plaintiff to "submit to a deposition and answer all relevant questions and all inquiries reasonably calculated to lead to admissible evidence, excepting questions which are properly the subject of privilege[.]" (D.I. 159). In December 2023, the Court grant Defendants leave to depose Plaintiff a second time. (D.I. 160, 161). The second deposition took place on January 24, 2024. (D.I. 162-1). Plaintiff again ended the deposition prematurely and refused to participate further. (*Id.* at 45-46).

Defendants now move under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss Plaintiff's case for failure to prosecute. (D.I. 162). In support of dismissal, Defendants rely both on Plaintiff's failure to move the case

3

forward since April 2022 (improperly relying instead on his father and uncle to represent him) and Plaintiff's two refusals to complete his deposition.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cnty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4

## III. DISCUSSION

Looking to the *Poulis* factors recited above, the Court deems as a neutral factor the meritoriousness of the claim or defense. All of the other *Poulis* factors weigh in favor of dismissal.

Dismissal, however, is an extreme sanction. The Court left some representation issues open during the September 25, 2020 hearing on the motion to withdraw. Given Plaintiff's appeal of that the decision, and the subsequent stay and administrative closure, the issues might not have been fully resolved.

The Court will resolve those issues by advising Plaintiff that he will not at this time be appointed counsel from the Federal Civil Panel and that his father and uncle, as non-attorneys, are not permitted to represent him in this case since neither of them is a licensed attorney. Any filings from Plaintiff's father and his uncle will be docketed but not considered by the Court. Along these lines, the emergency motion for appointment of counsel filed by non-party Tony Dunn (D.I. 165) will be denied.

Defendants will be directed to advise the Court within seven days if there remains a need to complete Plaintiff's deposition. If there is a need, Defendants should file an appropriate motion. If Defendants seek completion of Plaintiff's deposition and Plaintiff does not cooperate, the Court will look favorably upon a renewed motion to dismiss for failure to prosecute.

5

If there is no need to complete Plaintiff's Deposition, Defendants and Plaintiff shall have two weeks from the date of Defendants' notice to the Court to file any dispositive motions they may wish to file.

## IV. CONCLUSION

As discussed above, the Court will deny Defendants' motion to dismiss for failure to prosecute (D.I. 162) and the emergency motion for appointment of counsel filed by non-party Tony Dunn (D.I. 165).

An appropriate order will be entered.